Leonard Dix Rooks County Attorney 3rd Floor, Rooks County Courthouse Stockton, Kansas 67669-0545
Dear Mr. Dix:
You request our opinion on the use of county road personnel and equipment to combat fires within Rooks county. You cite K.S.A.12-16,117 and ask us to address whether road crew personnel (who are not trained to fight fires) and road equipment (inventoried to the county road and bridge department) may be used to assist in fire fighting.
If the county is considering providing fire fighting assistance to another entity, K.S.A. 1994 Supp. 12-16,117 may be one appropriate source of authority. K.S.A. 1994 Supp. 12-16,117 concerns the provision of disaster assistance to other entities and it states in part: "The governing body of a municipality may establish a policy regarding the provision of assistance to other municipalities and public safety agencies located in other municipalities located within or without the state of Kansas." K.S.A. 1994 Supp. 12-16,117(a) defines a municipality as a county, city or township, and a public safety agency to include fire protection associations. According to the definitions in this statute, a disaster may be a fire. However, the definition of "disaster" limits this authority to those situations in which there is an "imminent threat of widespread or severe damage, injury or loss of life or property." Thus, this statute allows a county to provide fire fighting assistance to other municipalities or public safety agencies in certain circumstances. This assistance occurs pursuant to an ordinance or resolution which sets forth the procedure to be followed. An interlocal agreement under K.S.A. 12-2901 et seq. may also be used to assist other entities in matters where the contracting entities have the requisite authorities to act. Likewise, K.S.A. 80-1517 permits the governing body of a fire district to assist and enter into similar contracts. However, none of these statutes speak specifically to use of county road crew and equipment to fight fires.
Your main concern appears to be whether this use of county road personnel and equipment is permissible. K.S.A. 1994 Supp.19-101a grants the board of county commissioners the authority to transact all county business, and perform all powers of local legislation and administration it deems appropriate subject only to the prohibitions set forth in that statute. One such prohibition concerns the ability of the county to alter acts of the legislature that apply uniformly to all counties. K.S.A. 1994 Supp. 19-101a(a)(1). If there is no prohibition or uniform state enactment on a subject, the board of county county commissioners may exercise the authority granted under K.S.A. 19-212 to make such orders concerning property belonging to the county "as they may deem expedient. . . ." We must therefore determine if there is any applicable law that prohibits or limits the proposed use of county equipment and personnel.
K.S.A. 31-158 requires that fire fighting clothing and equipmentsold in the state meet certain standards, and subsection (b) states that "no fire department shall purchase in this state any item of clothing or equipment intended to protect firefighters from death or injury while fighting fires unless the item of clothing or equipment meets or exceeds the minimum standards. . . ." (Emphasis added). However, the statute addresses sale to and purchase by a fire department. It does not specifically speak to use of existing equipment or require that a county road crew use certain fire fighting equipment.
Budgetary and tax law considerations may constrain the use of certain moneys to fight fires if those funds were formally allocated for other uses. See eg. K.S.A. 68-536 and K.S.A.79-2925 et seq. K.S.A. 68-141a contains a prohibition against using county road equipment for private purposes. However, fighting fires almost always serves a public purpose. We find no state prohibition against using county road equipment for a valid public purpose such as fighting fires. The suitability for such use is a fact question that may need to be raised with fire fighting experts.
The second issue concerns use of county road personnel to fight fires. The state fire marshal assists in establishing training for fire fighters. See K.S.A. 75-3137. In an effort to avoid injuries and to insure that actual assistance is given, local public entities usually require or establish some training for those persons who engage in fire fighting duties. However, it appears that the state does not require that all persons fighting fires receive some minimum amount of training. K.S.A. 1994 Supp.12-16,117(c) specifically recognizes some immunity from liability when the municipality is providing assistance. This is perhaps in recognition of the fact that local entities sometimes rely upon part-time or volunteer fire fighters. See K.S.A. 80-1516 (fire districts); K.S.A. 80-1904 (township).
If Rooks county has adopted an employee policy dictating or limiting the duties of road employees, that county policy may need to be amended before the county can require road employees to fight fires. Moreover, issues surrounding workers' compensation, funding, and training should be considered in any situation involving county provision of fire fighting services. However, there appear to be no uniformly applicable state laws prohibiting the county from using county road personnel or equipment for the purpose of fighting fires. Absent authority to the contrary, the permissible use of equipment or duties of employees is a discretionary decision determined by the local governing body.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:bas